IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS LEE ANDERSON,                                    ORDER

       Plaintiff,                                          16-cv-43-bbc

   v.

SHERIFF RON CRAMER, EAU CLAIRE
COUNTY SHERIFF'S OFFICE,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS LEE ANDERSON,                                    ORDER

       Plaintiff,                                          15-cv-835-bbc

   v.

SCOTT D. NABKE, DAVID ERTEL,
ALEJANDRO FERRO and BAYVIEW
LOAN SERVICING, LLC,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS LEE ANDERSON,                                    ORDER

       Plaintiff,                                          15-cv-812-bbc

   v.

UNITED STATES GOVERNMENT,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

Plaintiff recently filed three separate pro se lawsuits in this court challenging various aspects of ongoing foreclosure proceedings in a Wisconsin state court.  Anderson v. United States, 15-cv-812-bbc (W.D. Wis.);  Anderson v. Nabke, 15-cv-835-bbc (W.D. Wis.); Anderson v. Cramer, 16-cv-43-bbc (W.D. Wis.).  I have reviewed plaintiff's complaints for jurisdiction and have determined that each of them is legally frivolous.  Accordingly, I am dismissing plaintiff's actions with prejudice.

FACTUAL BACKGROUND

In January 2012, Bank of America, N.A. filed a foreclosure action in the Circuit Court for Eau Claire County against plaintiff and Barbara E. Anderson.  Bank of America NA v. Anderson, 12-cv-54 (Eau Claire Cty. Cir. Court).  For the past three years, plaintiff has been fighting this foreclosure action at all levels of the Wisconsin state court system.  However, in December 2015, after the Wisconsin Supreme Court denied plaintiff's petition for review and plaintiff's "motion to set aside or vacate" the circuit court's order was rejected, the Circuit Court for Eau Claire County scheduled a sheriff's sale for February 2, 2016.  Unable to obtain relief from the Wisconsin state courts, plaintiff filed a series of federal lawsuits in this court, aimed at stopping the holder of his mortgage note from foreclosing on his home.

A summary of the federal lawsuits at issue is set forth below.

A. Anderson v. United States, 15-cv-812-bbc (W.D. Wis.)

On December 18, 2015, plaintiff filed Anderson v. United States, 15-cv-812-bbc (W.D. Wis.).  Although the complaint is difficult to comprehend, it appears that plaintiff

is saying he is afraid that he will be charged with violating Wis. Stat. § 946.68, which prohibits simulating legal process, when he sues the judges in the Circuit Court for Eau Claire County who handled his underlying foreclosure action.  Plaintiff wants the United States government to carry out its constitutional obligation to guarantee a "republican form of government" and enjoin the state of Wisconsin from enforcing Wis. Stat. § 946.68 on the grounds that it was "enacted to strike fear into the minds and hearts" of Wisconsin citizens. He also seems to contend that Wis. Stat. § 946.68 violates the equal protection clause of the Fourteenth Amendment because it gives Wisconsin's state government "a power not common to the balance of the Several States[.]"

B. Anderson v. Nabke, 15-cv-835-bbc (W.D. Wis.)

On December 30, 2015, plaintiff filed Anderson v. Nabke, 15-cv-835-bbc (W.D. Wis.).  In this action, plaintiff is suing Scott D. Nabke, as trustee for Bayview Loan Servicing, David Ertel and Alejandro Ferro (representatives of Universal Savings Bank F.A.) and a number of banks that currently hold or previously held his mortgage note.  Although this complaint is almost incomprehensible, it appears that plaintiff believes that the foreclosure action commenced in state court violates various criminal laws, both real (e.g., counterfeiting) and imagined (e.g., "a Peter Funk Swindle" and "a public ponzi scheme fraud").  Plaintiff wants this court to take some unspecified action to ensure that defendants cease and desist their allegedly illegal efforts to foreclose on plaintiff's property.

C. Anderson v. Cramer, 16-cv-43-bbc (W.D. Wis.)

On January 19, 2016, plaintiff filed Anderson v. Cramer, 16-cv-43-bbc (W.D. Wis.).

In Anderson v. Cramer, plaintiff is suing Eau Claire County Sheriff Ron Cramer and the Eau

Claire County Sheriff's Office.  Plaintiff contends that defendants Cramer and the Eau Claire

County Sheriff's Office do not have the common law authority to conduct a sheriff's sale of

his property.  According to plaintiff, Cramer and the Sheriff's Office may engage only in

"criminal law enforcement."  They are not permitted to "take part in the execution of civil

or commercial laws."  Plaintiff requests $50,000 in damages for every day that Cramer and

the Sheriff's Office assist with the foreclosure proceedings and an injunction prohibiting

them from holding the sheriff's sale ordered in the underlying foreclosure suit.


OPINION

District courts have the power to screen complaints filed by all litigants, prisoners and

non-prisoners alike, regardless of fee status.  Rowe v. Shake, 196 F.3d 778, 783 (7th Cir.

1999).  It is well-established that when a litigant's claim is a sham or it is frivolous,

vexatious, or brought in bad faith, the district court may dismiss the action sua sponte.

Roby v. Skupien, 762 F. Supp. 813 (N.D. Ill. 1991).  Claims that are "so insubstantial,

implausible, foreclosed by prior decisions of [the United States Supreme Court], or

otherwise completely devoid of merit as not to involve a federal controversy" are subject to

dismissal on jurisdictional grounds.  Steel Co. v. Citizens for a Better Environment, 523 U.S.

83, 89 (1998).  Here, each one of plaintiff's suits is subject to dismissal on the ground that

4

it is legally frivolous and fails to state claims that fall within the scope of this court's jurisdiction.

Plaintiff's claims in <u>Anderson v. United States</u>, 15-cv-812-bbc (W.D. Wis.) fail for a variety of reasons. First, plaintiff has offered no basis for finding that the federal government has waived its sovereign immunity with respect to his claims.  Second, the equal protection clause does not require states to enact identical laws but requires equal enforcement by states of all the laws they have enacted.  The federal courts have long recognized the benefit associated with states' taking different approaches to legal problems. <u>Oregon v. Ice</u>, 555 U.S. 160, 171 (2009).  Third, claims resting on Article IV, Section 4 of the United States Constitution, which guarantees "a Republican Form of Government," are not enforceable through the courts.  <u>Baker v. Carr</u>, 369 U.S. 186, 289 (1962).

Plaintiff's allegations in <u>Anderson v. Nabke</u>, 15-cv-835-bbc (W.D. Wis.) similarly fall outside this court's jurisdictional ambit.  As an initial matter, many of the laws plaintiff contends defendants violated are fictional, such as "Jim Bakker Acts Fraud," "the Peter Funk Swindle" and the "Constructive Inverse Forgery of Alleged Borrower's Signature Charge." In any event, even if plaintiff were suing for violations of actual laws, a private litigant cannot sue individuals for criminal misconduct; the prosecution of crimes is reserved to the government.  <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614 (1973); <u>Leeke v. Timmerman</u>, 454 U.S. 83 (1981).  Moreover, because these allegations relate to the defendants' conduct in foreclosing on plaintiffs' home, any non-frivolous arguments or claims that might be buried in plaintiff's complaint should be presented to the Circuit Court for Eau Claire County.

5

Finally, plaintiff's claims in <u>Anderson v. Cramer</u> 16-cv-43-bbc (W.D. Wis.) will be dismissed as well.  In <u>Cramer</u>, plaintiff is suing Eau Claire County Sheriff Ron Cramer and the Eau Claire County Sheriff's Office on the ground that they are engaging in "ultra vires" acts by holding a sheriff's sale.  Plaintiff wants this court to enjoin the Eau Claire County Sheriff from enforcing any "commercial" or "civil," as opposed to "criminal," laws.  Plaintiff is not entitled to this relief.  He very well may be correct that sheriffs were not empowered to auction property in sixteenth-century England, but there is no doubt that they can do so under Wisconsin state law in 2016.  <u>See</u> Wis. Stat. § 840.16(1) (authorizing sheriff of the county in which the property is located to carry out a judicial sale and convey title); Wis. Stat. § 815.31 (setting forth procedures for providing notice of sale).  Moreover, even if these acts were "ultra vires" in some sense, plaintiff does not identify any jurisdictional basis on which the federal courts could intervene and enjoin the Eau Claire County Sheriff from conducting a sheriff's sale.  Again, if plaintiff believes that the Eau Claire County Sheriff is engaging in misconduct related to his foreclosure proceedings, these claims should be raised with the Wisconsin state court that ordered the judicial sale in the first place.

ORDER

IT IS ORDERED that

1.  <u>Anderson v. United States</u>, 15-cv-812-bbc (W.D. Wis.), <u>Anderson v. Nabke</u>, 15-cv-835-bbc (W.D. Wis.) and <u>Anderson v. Cramer</u>, 16-cv-43-bbc (W.D. Wis.) are DISMISSED with prejudice.

2. Plaintiff Thomas Lee Anderson's motion for emergency injunctive relief in

Anderson v. Cramer, 16-cv-43-bbc (W.D. Wis.) is DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 12th day of February, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge